United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-61094
Summary Calendar
_____

JOHN JEFFERY FERENDEZ,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76-334-421
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John Jeffery Ferendez ("Ferendez"), a citizen of Singapore,
petitions for review of the final order of the Board of
Immigration Appeals ("BIA") dismissing his appeal from the
Immigration Judge ("IJ"). The IJ denied Ferendez's application
for asylum, withholding of removal, and protection under the
United Nations Convention Against Torture ("CAT").

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Ferendez argues that this court should apply a less deferential standard to the BIA's affirmance of the IJ's findings because the BIA issued no opinion and because the decision was made by a single board member. This argument lacks merit. See Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir. 2003).

Ferendez argues that the IJ erred in determining that his testimony was not credible. The IJ found that Ferendez was not credible because his testimony was inconsistent with the State Department's 1998 country report on Singapore and because he gave false information to an Immigration Officer in order to avoid apprehension. The IJ's credibility finding is a reasonable interpretation of the record and is supported by the record. Therefore, this court will not reverse this finding. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).

Ferendez contends that he qualifies for asylum because the record supports his assertion that he endured persecution because of his opposition to the Singapore government. After reviewing the record and the briefs, we conclude that the BIA's decision is supported by substantial evidence and that the evidence in the record does not compel a contrary conclusion. See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992); Mikhael v. INS, 115 F.3d 299, 302-304 (5th Cir. 1997). Because Ferendez has not made the requisite showing for asylum, he was not eligible for a withholding of removal. Mikhael, 115 F.3d at 306 & n.10.

Finally, Ferendez argues that the IJ erroneously denied withholding of removal under the CAT. Considering the evidence presented, the record does not compel the finding that Ferendez met his burden to show that it is more likely than not that he would be tortured in Singapore.

Accordingly, Ferendez's petition for review is DENIED.